The Honorable Sandra D. Rodgers State Representative P.O. Box 593 Hope, AR 71802-0595
Dear Representative Rodgers:
You have requested an Attorney General opinion concerning an upcoming city council appointment in the City of Prescott.
You indicate that three members of the city council have direct ties to the local bank. They either work at the bank themselves or have spouses who work at the bank. You further indicate that it is your understanding that several of these members want the bank's president to be appointed to fill a vacancy on the city council.
In light of this scenario, you have asked:
 (1) Does it violate any laws or regulations for an employer to use his position, as a supervisor (decision-maker on the salaries of employees), over this employees or the spouses of employees to gain an appointment to the city council?
 (2) If a bank president and bank employees are members of a city council, does it violate any laws or regulations for the bank to do business with the city?
RESPONSE
Question 1 — Does it violate any laws or regulations for an employer touse his position as a supervisor (decision-maker on the salaries ofemployees) over his employees or the spouses of employees to gain anappointment to the city council?
It is my opinion that a person who engages in the conduct you have described could, if the requisite facts are established, be committing several criminal offenses. I must emphasize that the question of whether any of these offenses has been committed in largely dependent upon the specific facts. I therefore cannot opine definitively that these offense have been committed in the situation you have described. Nevertheless, I will briefly outline these offenses, with the cautionary admonition that whether they have committed depends upon the specific facts of each case.
First, this person could be committing the offense of "trading in public office," under A.C.A. § 5-52-101. That criminal statute states:
(a) A person commits the offense of trading in public office if:
 (1) He solicits, accepts, or agrees to accept on behalf of any person, political party, or other organization any benefit from another person upon an agreement or understanding that the other person will or may be appointed a public servant or designated or nominated as a candidate for public office; or
 (2) He offers, confers, or agrees to confer any benefit, the receipt of which is prohibited by this section.
(b) Trading in public office is a Class A misdemeanor.
A.C.A. § 5-52-101.
Second, the person could, depending upon the facts, also be committing "public servant bribery," under A.C.A. § 5-52-103, which states:
(a) A person commits public servant bribery if:
 (1) He offers, confers, or agrees to confer any benefit upon a public servant as consideration for the recipient's decision, opinion, recommendation, vote, or other exercise of discretion as a public servant; or
 (2) He solicits, accepts, or agrees to accept any benefit, the conferring of which is prohibited by this section.
(b) Public servant bribery is a Class D felony.
A.C.A. § 5-52-103.
In addition, I note that any city council members who take official action in response to such conduct could be in violation of the law. Such council members could, depending upon the facts, be committing the criminal offense of "unlawful compensation for past official action," under A.C.A. § 5-52-102, which states:
 (a) A person commits the offense of unlawful compensation for past official action if he:
 (1) Solicits, accepts, or agrees to accept any benefit as compensation for having, as a public servant, given a decision, opinion, recommendation, or vote favorable to another or for having otherwise exercised his discretion in favor of another; or
 (2) Offers, confers, or agrees to confer any benefit upon a public servant, the receipt of which is prohibited by this section.
 (b) It is not a defense to a prosecution under this section that the decision, opinion, recommendation, vote, or use of discretion, except for the benefit, was otherwise proper.
 (c) Unlawful compensation for past official action is a Class A misdemeanor.
A.C.A. § 5-52-102.
Finally, city council members who act in response to the conduct you have described could (again, depending upon the facts) be in violation of A.C.A. § 21-8-304, which states:
 (a) No public official or state employee shall use his position to secure special privileges or exemption for himself, his spouse, child, parents, or other persons standing in the first degree of relationship, or for those with whom he has a substantial financial relationship, that is not available to others, except as may be otherwise provided by law.
A.C.A. § 21-8-304(a).
I reiterate that a determination of whether any of the above-quoted laws has been violated will turn largely upon the facts attendant to the case. For this reason, I cannot opine definitively that the conduct you have described does, as a matter of law, constitute a violation of any of these laws. Nevertheless, such conduct does, at a minimum, give rise to a question of whether these laws have been violated.
Question 2 — If a bank president and bank employees are members of a citycouncil, does it violate any laws or regulations for the bank to dobusiness with the city?
It is my opinion, as explained more fully below, that this situation could violate both A.C.A. § 14-42-107 and A.C.A. § 21-8-304.
Under A.C.A. § 14-42-107, city council members are prohibited from benefiting from the city's contracts. The pertinent part of that statute states:
 (b)(1) No alderman or council member shall be interested, directly or indirectly, in the profits of any contract for the furnishing of supplies, equipment, or services to the municipality unless the governing body of the city shall have enacted an ordinance specifically permitting aldermen or council members to conduct business with the city and prescribing the extent of this authority.
 (2) The prohibition prescribed in this subsection shall not apply to contracts for the furnishing of supplies, equipment, or services to be performed for a municipality by a corporation in which no alderman or council member holds any executive or managerial office, or by a corporation in which a controlling interest is held by stockholders who are not aldermen or council members.
A.C.A. § 14-42-107(b).
The above-quoted statute clearly prohibits city council members from conducting business with the city. However, the statute does provide three exceptions to this prohibition. First, the prohibition does not apply to city council members who do not hold executive or managerial positions in the corporation with which the city is doing business. As I have opined in Attorney General Opinion No. 2000-276, this exception would not apply to the bank president, since he clearly occupies an executive/managerial position. However, the exception may apply to the other bank employees if they do not occupy executive or managerial positions.
The statute's prohibition also does not apply to city council members if, in addition to the fact that they do not hold executive or managerial positions, they are not stockholders who hold a controlling interest in the corporation with which the city is conducting business.[1]
Under the statute's third exception to the prohibition, even the service on the city council of the bank president and other bank employees who hold executive or managerial positions or controlling interests in the bank may be permissible (as I have opined in Attorney General Opinion No. 2000-276), if the city council has enacted an ordinance that permits these employees to do business with the city while serving on the city council, and if the ordinance describes the extent of their authority to conduct such business. If the city council does not enact such an ordinance, these members' service on the council will constitute a violation of A.C.A. § 14-42-107.
Finally, all city council members must remain cognizant of the provisions of A.C.A. § 21-8-304 (discussed previously in response to Question 1), under which public officials such as city council members are prohibited from using their public positions to obtain personal benefits. Again, that statute states:
 (a) No public official or state employee shall use his position to secure special privileges or exemption for himself, his spouse, child, parents, or other persons standing in the first degree of relationship, or for those with whom he has a substantial financial relationship, that is not available to others, except as may be otherwise provided by law.
A.C.A. § 21-8-304(a).
If the bank president and other bank employees and bank employees' spouses do serve on the city council, and the city continues to do business with the bank pursuant to an appropriate ordinance, these city council members must be vigilant in complying with the above-quoted statute.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which
I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] This office has previously interpreted the exception that is stated in § (b)(2) to mean that both of the conditions mentioned therein must exist in order for the exception of § (b)(2) to apply. That is, the council member must neither hold an executive or managerial office with the company in question, nor hold a controlling interest in that company)See Op. Att'y Gen. No. 90-132. Another way of stating this conclusion is to say that if either of these states of affairs exists, the prohibition will apply. It is my opinion that this interpretation is correct. An interpretation under which the exception would apply if either one or the other (but not both) of the conditions were met would defeat the clear intent of both the prohibition and the exception. Such an interpretation would allow service on the city council by a person who exercises one type of control over a corporation with which the city does business simply because he does not also happen to exercise the other type of control over that organization. The exception appears to have been intended to allow service on the city council (without a special ordinance) by persons who are affiliated with corporations with which the city does business, but who exercise no substantial authority in those corporations.